[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the planning and zoning commission of the city of New London, appeals a decision of the defendant freedom of information commission (FOIC) holding that the plaintiff violated the open meeting provisions of the freedom of information statutes and ordering the plaintiff henceforth to obey those statutes. The defendant FOIC acted in response to a complaint brought by Judy Benson, a reporter employed by The Day, a New London newspaper. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the plaintiff.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. In November 1993, the zoning enforcement officer for the city of New London, Edward Hammond, learned of a research project proposed by two University of Connecticut professors involving certain premises in the city where they would interview users of illegal drugs. Hammond believed that the use of the premises for that purpose had implications under the city's zoning regulations. Accordingly, he contacted the professors and suggested that they attend an informal "workshop" that he would convene. Such a workshop is not required by any law or regulation. As zoning enforcement officer, Hammond was in the habit of holding them for the dual purpose of gathering information and advising potential applicants of the requirements of the zoning regulations. The professors agreed to attend a workshop, and Hammond set it up.
The workshop was held November 17, 1993. At that time, the professors had not filed any application with any city agency for permission to conduct their project. CT Page 4023
There was no advance written notice of the workshop; Hammond simply called people in the city government who he thought should be involved in the consideration of the project. In addition to Hammond, the attendees included the New London city manager, the city planner, the two professors, a staff member of the professors' project, and three members of the plaintiff planning and zoning commission. The members of the plaintiff commission had not been officially assigned to attend the workshop, and they did not constitute a quorum of the commission. They attended because they had been informed of it and their personal schedules allowed them to attend. Their attendance was not required, and sometimes workshops were held at which no members of the plaintiff commission were present.
Shortly after the workshop commenced, defendant Judy Benson, the newspaper reporter, walked in. After some discussion, the two professors requested that she leave, and she did. Later, she returned, but was told that the workshop had ended. She then filed a complaint with the FOIC alleging that the planning and zoning commission wrongly excluded her from a public meeting of the commission.
After a hearing, the FOIC rendered a final decision holding that a "portion" of the workshop constituted a meeting of the plaintiff planning and zoning commission and that the plaintiff had accordingly violated General Statutes § 1-21 (a) by failing to publish a notice of the meeting and by failing to keep it open to the public. It j is those findings and conclusions that are the subject of this appeal.
The FOIC based its decision on the provisions of General Statutes § 1-18a(b) defining the term "meeting." In relevant part, § 1-18a(b) provides as follows:
 "Meeting" means any hearing or other proceeding of a public agency . . . to discuss or act upon a matter over which the public agency has supervision, control, jurisdiction or advisory power. "Meeting" shall not include: . . . an administrative or staff meeting of a single-member public agency. . .
In its decision, the FOIC stated the following findings and conclusions: CT Page 4024
 22. It is found that a portion of the workshop was conducted exclusively by the planner, the ZEO and the city manager, to obtain information from (the professors) as to (their) intended use of the property, and to advise (them) as to the staff's opinion as to what use category under the zoning regulations the projected use fell under, and the staff's opinion as to the necessary permits, approvals and procedures.
 23. It is concluded that the portion of the workshop conducted exclusively by staff members, in which the (members of the plaintiff commission) did not participate, was a staff or administrative meeting within the meaning of § 1-18a(b).
 24. It is also found, however, that the members of the (plaintiff commission) present at the workshop used the workshop as an opportunity to advise the UConn professors about the (plaintiff commission's) likely reaction to the plan generally, and to advise them what requirements the (plaintiff commission) might or might not waive.
 26. It is therefore concluded that the portion of the workshop in which the three members of the (plaintiff commission) exercised the (commission's) advisory power with respect to the . . . . project was a proceeding, and therefore a meeting, of the (plaintiff commission).
The plaintiff commission advances a number of arguments in support of its appeal, all essentially asserting that the FOIC's interpretation of the term "proceeding" was unreasonable. As noted, the FOIC determined that the portion or portions of the workshop during which the members of the plaintiff commission offered advice constituted a "proceeding" of the commission.
"Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to CT Page 4025 the construction given (a) statute by the agency charged with its enforcement." Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993).
It is undisputed that the FOIC is responsible for enforcing the statute in question. The general rule would require this court, therefore, to accord great deference to that agency s interpretation of it. The general rule does not require, however, that the court abdicate its adjudicative function in interpreting the law. It simply means that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned. Starr v. Commissioner, supra 376. If the agency's interpretation is implausible or unreasonable, the court should decline to follow it. BridgeportHospital v. Commission on Human Rights and Opportunities,232 Conn. 91, 110 (1995).
In the present case, a number of factors combine to undermine the FOIC's application of § 1-18a(b) to the facts as found. First, it is undisputed that the plaintiff commission did not organize or convene the workshop. Nor is there evidence in the record that the plaintiff commission specifically or by implication authorized holding the workshop. The evidence is, rather, that the entire impetus for holding the workshop came from the zoning enforcement officer — that is, the administrative staff person.
Secondly, there is no evidence in the record that the plaintiff commission officially assigned or selected the members who attended the workshop or even planned that any would attend. Rather, the evidence is that those members who attended did so on their own individual volition.
Third, the evidence in the record established that the presence of members of the plaintiff commission was not essential to the holding of the workshop — that is, the workshop would have been held, in all likelihood, whether or not any commission members attended.
Fourth, there was no application pending before the commission or any matter requiring its official attention.
Fifth, even the FOIC found that a portion of the workshop was not a "proceeding" of the commission, but rather was a meeting of CT Page 4026 administrative staff.
Taken singly, perhaps none of the factors cited above would be dispositive. But in combination, all of the factors argue powerfully against the conclusion that some portion of the workshop was a "proceeding of" the commission. Instead, these factors suggest more persuasively that the entire workshop was a meeting of the staff at which some members of the commission played a non-essential role.[1]
Finally, the FOIC's decision would place a difficult, if not impossible, burden on the planning and zoning commission as well as on the staff of the city government. The decision does not make clear what the city must do in order to comply with the freedom of information laws in a future situation similar to the one presented by this case. Literally applied, the decision would seem to have the effect of temporarily transforming a meeting called by city administrative staff into a proceeding of the planning and zoning commission if even one of the commission's members happened to attend and venture an opinion. At that point, according to the FOIC's decision, it seems, the workshop turns into a meeting of the commission, presumably reverting to a staff meeting the instant the commission member stops speaking. And that result would seem to follow whether the commission member's participation is by invitation or happenstance. In such event, the commission members would be in the position of violating the freedom of information laws (by failing to notice the meeting, at least) and of violating the FOIC's order in this case.
As noted by the Supreme Court in Board of Pardons v. FOIC,210 Conn. 646, 650 (1989), members of the plaintiff commission personally face the risk of criminal prosecution for violation of an order of the FOIC. For that reason, it is imperative that such orders provide clear direction to those affected and eliminate the possibility of inadvertent violation.
Because the court concludes that the FOIC's decision and order in this case are based on an erroneous interpretation of the applicable statute and are unreasonable, the plaintiff's appeal must be sustained. See General Statutes § 4-183 (j). The court's decision should not be read, however, as approving the practice of allowing commission members to attend and actively participate in staff workshops that are conducted as a prelude to applications for permits or other official action by the commission. Such a practice has the very real potential for CT Page 4027 allowing prejudgment and bias to enter the commission's deliberative processes and, at the very least, creates the appearance of impropriety.
For the reasons set forth above, the appeal is sustained.